CLIFTON LITTLE V. THE STATE.

No. 20258. Delivered May 3, 1939.
Rehearing Denied June 14, 1939.

The opinion states the case.

*R. L. Thompson,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for unlawfully taking minnows from the fresh waters of Somervell County for the purpose of sale. The punishment assessed is a fine of $25.00.

The complaint and information charged that on the 17th day of June, 1937, Clifton Little did then and there take a quantity of minnows from the waters of Squaw Creek, a fresh water stream in Somervell County, for the purpose of selling the same, etc.

Appellant contends that the court erred in two respects: (1) Because the trial court declined to sustain a motion to quash the complaint and information, and (2) because he declined to instruct the jury to return a verdict of not guilty. Both contentions are based on the ground that the law upon which this prosecution was based was not in effect on the 17th day of June, 1937, at which time the alleged offense was committed. Appellant contends that although the Legislature sought to enact the law to take effect immediately, it failed to do so because the emergency clause failed to state any reason as a public necessity for the immediate passage of said Act, as required by Art. 3, Sec. 39 of the Constitution of Texas, which reads as follows: "No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each House, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

The emergency and imperative public necessity recited in the bill under which this prosecution arose (See Acts 1937, 45th Legis., p. 815-816, c. 403, H. B. No. 1152, approved May 27, 1937; also Art. 978j note, Vernon's Ann. P. C.) reads as follows: "The importance of this legislation and the crowded condition of the calendar and the further fact that the citizens of Coryell County, Texas, desire the above noted change in their game law create an emergency and an imperative public necessity that the Constituional Rule requiring bills to be read on three several days in each House be, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted." Section 6. This bill passed the House by a vote of 108 yeas and no nays, and passed the Senate by a vote of 29 yeas and no nays.

It will thus be seen that the only question to be determined is whether or not the Legislature, in the passage of the Act, conformed to Sec. 39 of Art. 3 of our Constitution as above

quoted. If it did, the law was in effect at the time of the commission of the offense.

The question here presented was decided by the Supreme Court of this State in the case of Day Land & Cattle Company v. the State of Texas, 68 Texas, 526, 4 S. W. 865. In that case, the court, speaking through Judge Stayton, said: "If the Legislature states facts or reasons, which in its judgment authorize the suspension of a rule and the immediate passage of a bill, the courts certainly have no power to re-examine that question, and to declare that the Legislature came to an erroneous conclusion."

There has been an inconsistency in the holdings of other courts upon this Constitutional question. The majority, however, seem to have adhered to the same view as expressed by our Supreme Court on the subject in the case above referred to. We therefore overrule his contention.

His next contention is that the law only went into immediate effect in Coryell County and not in Johnson, Bosque and Somervell Counties. His position in this respect is untenable. When the law went into effect, it took effect in all counties affected at the same time.

He next contends that since there was a complaint filed against him in the justice court charging him with having committed a trespass in going on the premises of another and catching the minnows in question, he could not be prosecuted in the County Court for unlawfully catching minnows for the purpose of sale. We are not impressed with the soundness of his contention.

If A, without the permission of B, entered B's premises and killed a deer out of season and B filed a complaint against him for trespass, according to appellant's contention A could not subsequently be prosecuted for killing a deer out of season. Appellant has cited us to no authority which would sustain his position, nor do we know of any.

Other matters complained of have been examined and are deemed to be without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, Judge.

The questions discussed in our original opinion, and which are again urged by appellant in his motion for rehearing are thought to have been correctly decided, and will not be again considered.

The complaint and information alleged that the minnows were taken from "Squaw Creek *a fresh water stream"* in Somervell County. Appellant calls attention to the fact that no evidence was produced on the trial to show that the creek mentioned was a *fresh water stream.* This point was urged originally but was overlooked, our attention being attracted to other questions raised. We think as it relates to a question of evidence that under Art. 926 P. C., this Court may properly take judicial knowledge that the streams in Somervell County are fresh water streams. Said article is as follows: "For the purpose of establishing the dividing line between the salt and fresh waters of the State, in so far as it pertains to the fishing laws, all fresh water rivers and streams in this State, and all lakes, lagoons, and bodies of rivers, except tidal bays or coastal waters, such as bays and gulfs, shall be and are hereby declared to be fresh water streams and rivers to their mouths, and it shall be unlawful to set nets or drag seines or fish in other ways in such streams, rivers and their connecting lakes, lagoons, and bodies of water mentioned, except in conformity with the laws enacted to govern, apply and control in fresh water fishing." The majority of the court declined to make application of said article in Taylor v. State, 132 Texas Cr. R. 58, 102 S. W. (2d) 219 because in that case there was a failure to allege in the complaint and information that the water there involved was *"fresh water,"* it being the view of the court that judicial knowledge of a fact would not supply the omission of an averment in the State's pleading that such fact existed; in other words, that judicial knowledge might supply evidence but could not supply necessary averments in the State's pleading. In the present case the averments are found in the complaint and information.

The motion for rehearing is overruled.